IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN D. KNABB, III and TRACY L. KNABB, individually and as Parents and Natural Guardians of Joanne D. Knabb, a minor,<br>     Plaintiffs, | |
| v. | Civil Action No. 04-215 Erie |
| INTERNATIONAL BIOMEDICAL, INC., a Texas corporation t/d/b/a Airborne Life Support Systems,<br>     Defendant and Third Party Plaintiff, | |
| v. | |
| STEPHEN G. WOODS, Administrator of the Estate of John E. Bridge, Deceased; CHILDREN'S HOSPITAL OF PITTSBURGH; and GUARDIAN ANGEL AMBULANCE SERVICES, INC.,<br>     Third Party Defendants. | |

## NON-COMPLEX DISCOVERY MOTION SEEKING REIMBURSEMENT

AND NOW, comes Third-Party Defendant, Children's Hospital of Pittsburgh ("Children's"), by and through its counsel, Dickie, McCamey & Chilcote, P.C., and files the following Non-Complex Discovery Motion Seeking Reimbursement:

1. This action stems from an unfortunate automobile – ambulance collision that occurred on or about February 23, 2003. Summarily, Third-Party Defendant, Stephen G. Woods ("Woods"), deceased, was allegedly operating his automobile under the influence of alcohol when he veered across the center line of a particular roadway and struck, head-on, an ambulance on route to Children's in Pittsburgh, Pennsylvania. That collision allegedly rattled an isolette that was holding Plaintiff's minor, Joanne D. Knabb, a three-day old infant experiencing heart complications, and caused her to be thrown from that isolette and to sustain injuries.

2. The foregoing summary of facts encouraged Plaintiffs, *inter alia*, to commence this action against International Biomedical, Inc. ("IBI"), the manufacturer of the involved isolette.

3. IBI, subsequently, joined, as Third Party Defendants, Woods, Children's, and Guardian Angel Ambulance Services, Inc. ("Guardian").

4. At this juncture, Children's and IBI have encountered a discovery dispute in relation to certain planned depositions.

5. Specifically, counsel for Children's is scheduled to and will take the depositions of certain representatives from IBI and Plaintiffs on November 10 and November 11, 2005, respectively. While the first set of depositions will be conducted in Austin, Texas, the second set of depositions will be conducted in Houston, Texas.

6. Counsel for Children's will incur expenses in connection with his traveling from Pittsburgh to Austin to Houston to Pittsburgh. In light of those expenses, Children's requested that IBI provide reimbursement, as IBI is the entity responsible for Children's involvement in this action as IBI was the party who joined Children's. Counsel for IBI, however, recently indicated that his client will not provide that reimbursement. As such, Children's files the within Motion requesting reimbursement for the expenses associated with taking the before-mentioned depositions.

7. Rule 26 of the Federal Rules of Civil Procedure "provides that a court in which the action is pending 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place.'" *Phila. Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 495

(E.D.Pa. 2003) (citing F.R.C.P. 26(c)(2)). "Usually, a party seeking discovery may set the place where the deposition will take place, subject to the power of the courts to grant a protective order designating a different location." *Phila. Indem. Ins. Co.*, 215 F.R.D. at 495 (citations omitted). "The court has considerable discretion in determining the place of a deposition, may consider the relative expenses of the parties and may order that expenses be paid by the opposing party." *Id.* (citations omitted).

8. Based upon the foregoing principles, Children's believes it is entitled to be reimbursed for the expenses it will incur as a result of taking these depositions in Texas.

9. In particular, Children's, the party seeking discovery, could have requested and, perhaps, demanded that the depositions in question be conducted in Pittsburgh. In the interest of fostering discovery, however, Children's arranged to take those depositions in Texas, where Plaintiffs have relocated since filing their action and representatives from IBI are situated. While Children's was not required to make those arrangements, it did so in an effort to satisfy discovery deadlines. Stated differently, rather than reschedule the depositions in question and hinder discovery, Children's agreed to conduct those depositions in Texas.

10. With that being said, Children's both expected and assumed that in exchange for its counsel's traveling to Texas and taking the depositions in question, as agreed, IBI, in accordance with the previously noted Rule and illustrative case law, would reimburse Children's for expenses incurred in connection with those depositions.

11. Thus, in order to relieve Children's from the corresponding annoyance, undue burden, and undue expense associated with the depositions in question, justice requires that Children's Motion be granted, and that IBI provide reimbursement.

WHEREFORE, Children's Hospital respectfully requests that this Honorable Court grant its Non-Complex Discovery Motion Seeking Reimbursement and enter the attached Order of Court.

> Respectfully submitted,
>
> DICKIE, MCCAMEY & CHILCOTE, P.C.
>
> By:___/s/ Andrew G. Kimball_____
>     Andrew G. Kimball, Esquire
>
>     Attorneys for Children's Hospital of Pittsburgh

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2005, I served a true and correct copy of the within Non-Complex Discovery Motion Seeking Reimbursement via electronic filing on counsel of record, as follows:

Robert Varsek, Esquire
Rosen, Rosen, Bloom & Varsek
207 Seneca Street, Box B
Oil City, PA  16301
*Attorney for Plaintiffs*

James T. Marnen, Esquire
Knox, McLaughlin, Gornall & Sennett, P.C.
120 West 10th Street
Erie, PA  16501
*Attorneys for Additional Defendant*
*International Biomedical, Inc.*

Terry Heeter, Esquire
The Kooman Law Firm
Marianne Professional Center
P.O. Box 700
Clarion, PA  16214
*Attorney for Defendant*
*Stephen G. Woods*

Scott Millhouse, Esquire
Meyer, Darragh, Buckler, Bebenek & Eck
U.S. Steel Tower, Suite 4850
600 Grant Street
Pittsburgh, PA  15219-6194
*Attorney for Defendant*
*Guardian Angel Ambulance Service, Inc.*

DICKIE, McCAMEY & CHILCOTE, P.C.

By :____/s/ Andrew G. Kimball_____
    Andrew G. Kimball, Esquire

Attorneys for Additional Defendant,
Children's Hospital of Pittsburgh